IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LAWRENCE COPELAND, | § | |
| #02019483, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-2129-G-BK |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner James Lawrence Copeland's ("Copeland's") petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for recommended disposition. Upon review of the relevant pleadings and applicable law, the petition should be **DENIED**.

### I.   BACKGROUND

Copeland's first trial for aggravated assault with a deadly weapon involving family violence resulted in a hung jury and a mistrial. Upon re-trial, he was found guilty by a jury and sentenced to 30 years' imprisonment. *State v. Copeland*, No. F11-58889 (194th Jud. Dist. Court, Dallas Cty., Tex., Jul. 30, 2015), *aff'd*, No. 05-15-00988-CR, 2016 WL 3611466 (Tex. App.–Dallas, June 28, 2016, no pet.). The Texas Court of Criminal Appeals ("TCCA") subsequently denied state habeas relief without written order. *Ex parte Copeland*, No. WR-86,818-01, Doc. 15-24 (Tex. Crim. App. June 7, 2017).

Copeland then filed this *pro se* federal habeas petition, claiming ineffective assistance of counsel at his first and second trial. Doc. 3 at 6. Respondent argues that one claim fails to

present a basis for federal habeas relief and the other lacks merit. Doc. 16. Copeland did not file a reply.

## II. ANALYSIS

### A. Ineffective Assistance Claim Related to First Trial

Copeland asserts counsel rendered ineffective assistance at his first jury trial, which ended in a mistrial. Doc. 3 at 6. Specifically, he claims that counsel failed to object when the jury was charged on the wrong defense theory, and when the trial judge declared a mistrial without considering a less drastic alternative. Doc. 4 at 10-11, 14. However, Copeland cannot now challenge his counsel's conduct and the court's rulings in the first trial because that trial did not result in a judgment of conviction, for which he is presently "in custody." *See* 28 U.S.C. § 2254(a) (a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). As such, the Court lacks jurisdiction to consider Copeland's claim.

### B. Ineffective Assistance Claim Related to Second Trial

Copeland asserts counsel rendered ineffective assistance by failing to object that the second trial was barred by the Double Jeopardy Clause. Doc. 3 at 6; Doc. 4 at 16. However, he has not offered a non-frivolous basis for objection based on the Double Jeopardy Clause. The Supreme Court has unequivocally held that "a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected." *Richardson v. United States*, 468 U.S. 317, 326 (1984). A hung jury is not equivalent to an acquittal regardless of the sufficiency of the evidence presented at a defendant's first trial. *Id.* at

325-26; *see also Yeager v. United States,* 557 U.S. 110, 118 (2009) (observing that "a jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commenced when the jury was first impaneled" (citations omitted)).

Consequently, Copeland fails to establish the deficient-performance prong of *Strickland v. Washington*, 466 U.S. 668, 689 (1984), namely that counsel's performance fell below an objective standard of reasonableness. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness"); *see also Strickland*, 466 U.S. 668, 697 (noting the court need not address both *Strickland* prongs if the petitioner makes an insufficient showing on one).

Because Copeland has not demonstrated that the state court's implicit application of *Strickland* was contrary to or an unreasonable application of clearly established federal law, he cannot overcome the "so called 'relitigation bar'" of 28 U.S.C. § 2254(d) and, thus, his claim has no merit. *See Thomas v. Vannoy*, ___ F.3d ___, 2018 WL 3670915, at *2 (5th Cir. Aug. 2, 2018) (summarizing relitigation bar).[1]

---

[1] A petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

### C. Evidentiary Hearing Not Required

Copeland requests an evidentiary hearing to resolve his ineffective assistance claim. Doc. 4 at 15. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)).  Here, as in *Pinholster*, the petition only alleges claims under section 2254(d)(1) that were adjudicated on the merits in state court.  Copeland cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Thus, he is not entitled to an evidentiary hearing.

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED** August 23, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE